IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR HENDRY COUNTY, FLORIDA

ESTHER CORRALES,

          Plaintiff,

vs.

WAL-MART STORES EAST LP and,
MICHAEL SCHWEDE,

          Defendants.

_____/

CASE NO.: 22000021CAAXMX

---

## AMENDED COMPLAINT

Plaintiff, ESTHER CORRALES by and through the undersigned counsel, sues Defendants WAL-MART STORES EAST LP (Henceforth, "WALMART") and MICHAEL SCHWEDE (Henceforth, "SCHWEDE"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages that exceed the minimum jurisdictional amounts of this Court.

2. All conditions precedent to the filing of this action have been performed or have been waived.

3. At all times material hereto, Plaintiff was a resident of Palm Beach County, over the age of eighteen (18) and is otherwise *sui juris*.

4. At all times material hereto, the Defendant, WALMART, was a business entity licensed to conduct business in the State of Florida and was doing business in Hendry County, Florida.

5. At all times material hereto, Defendant, WALMART, owned, possessed, operated, managed, repaired, serviced, and/or controlled its store located at 1005 W. Sugarland

Highway, Clewiston, Florida 33440, Hendry County (hereinafter referred to as "STORE").

6.  At all times material, Defendant, SCHWEDE, was a resident of Florida and a manager of the STORE for Defendant, WALMART.

7.  Venue is proper in Hendry County because the acts and omissions referred to herein occurred in Hendry County, Florida and the place of business of the Defendant WALMART is located in Hendry County, Florida.

## GENERAL ALLEGATIONS

8.  At all times material hereto, Defendant, WALMART, had a duty to maintain the STORE in a reasonably safe condition and to warn its business invitees of any unreasonably dangerous condition.

9.  At all times material hereto, Defendant, SCHWEDE, was employed by Defendant, WALMART, as manager for the STORE and in accordance with SCHWEDE's role, possessed the right to control the store, to include the woman's restroom.

10. At all times material hereto, Defendant SCHWEDE, and or other managers, employees, agents, or assigns of Defendant, WALMART, were responsible for maintaining the STORE in a reasonably safe condition and to warn its business invitees of any unreasonably dangerous condition, to include keeping the woman's restroom clean and free of transitory foreign substances, and to inspect and maintain the plumbing in the woman's restroom to include the toilets.

11. At all times material hereto, Defendant SCHWEDE, and or other managers, employees, agents, or assigns of Defendant, WALMART, controlled the right of access to the woman's restroom in furtherance of keeping it clean and free of transitory foreign substances, and to

inspect and maintain the plumbing in the woman's restroom to include the toilets.

12. At all times material hereto, Defendant, WALMART, was responsible for ensuring the woman's restroom was inspected for defects and dangerous conditions, including transitory foreign substances on the floor.

13. At all times material hereto, Defendant, WALMART, was responsible for warning of dangerous conditions in the woman's restroom that it knew or should have known existed, including puddles of water, urine, or other transitory foreign substances in the woman's restroom.

14. On or about, May 25, 2018, Plaintiff entered the STORE as an express and/or implied business invitee of Defendant, WALMART.

15. On or about, May 25, 2018, Plaintiff entered the woman's restroom Defendant's Walmart store, and slipped in puddle of liquid that was likely water, urine, or other transitory foreign substance, on the woman's restroom on Defendant's premises, causing her to fall hard to the ground.

16. Defendants negligently failed and breached their duties to Plaintiff to maintain its premises in a reasonably safe condition by either creating the aforesaid unreasonably dangerous condition or, allowing it to remain present in the STORE despite the fact that it knew or to the exercise of reasonable care, should have known of its presence.

17. The defendant further negatively failed and breached its duties to plaintiff by failing to warn PLAINTIFF of the presence of the aforesaid unreasonably dangerous condition.

## COUNT I:  CLAIM OF NEGLIGENCE AGAINST WAL-MART STORES EAST LP

18. Plaintiff realleges and reasserts the allegations contained within paragraphs 1 – 17 as if

fully set forth herein.

19. At said time and place, Defendant, WALMART, owed Plaintiff duties to maintain the premises, including the woman's restroom, in reasonable safe condition, and to warn Plaintiff of dangerous conditions therein.

20. At said time and place, Defendant, WALMART, breached these duties to Plaintiff by committing one or more of the following acts or omissions:

    a.  Negligently failing to correct a hazard about which Defendant, either knew or should have known, which was water, urine, or some other liquid on the floor of the woman's restroom.

    b.  Negligently failing to enforce its safety or maintenance policies and procedures as they relate to the woman's restroom when Defendant knows or should know that Defendant's fixtures in the woman's restroom, to include toilets that splash water on the ground when they flush, actually create puddles of water on the floor of the woman's restroom.

    c.  Negligently failing to enforce its safety or maintenance policies and procedures as they relate to the woman's restroom thereby creating a dangerous and slippery environment for invitees, including Plaintiff.

    d.  Negligently failing to properly equip, instruct, direct, train, or supervise its employees and agents, who did not have the equipment, skill, knowledge, or tools to effectively enforce Defendant's policies and procedures and/or provide a reasonable and safe environment for Defendant's patrons, including Plaintiff.

    e.  Negligently failing to have adequate staff on duty assigned to the task of

inspecting and maintaining the woman's restroom for dangerous conditions, to include water, urine, or other transitory substances on the floor, or defective toilets or other plumbing fixtures that could create transitory substances on the floor.

f.  Negligently failing to assign specific employees to the task of solely monitoring the woman's restroom for dangerous conditions including water, urine, or other transitory foreign substances on the floor of the woman's restroom, despite having actual or constructive knowledge that the floor of the woman's restroom would frequently get wet with water, urine, or other transitory foreign substances.

g.  Negligently failing to follow its own corporate policies relating to safety including those regarding the maintenance of the woman's restroom or its plumbing including its toilets.

h.  Negligently failing to have adequate policies in place to identify dangerous conditions within the woman's bathroom or the plumbing therein that were within Defendant's control or were created by Defendant, despite prior knowledge of slip and falls at the Store caused by transitory foreign substances that were not timely identified by Defendant despite Defendant's prior actual or constructive knowledge.

i.  Negligently failing to enforce the Store's policy of "don't pass it up, pick it up" with respect to dangerous conditions accumulated on the walking surfaces of the Store, to include the woman's restroom.

j.  Negligently failing to adhere to industry standards applicable to maintaining Defendant's woman's restroom, creating an unreasonably dangerous condition to Plaintiff.

k.  Negligently failing to warn or adequately warn of the known and foreseeable risk of injury created by the defective or negligently maintained woman's restroom.

l.  Negligently selecting and using flooring that failed to properly drain, disperse, or dissipate liquid substances when at the time of construction, Defendant knew or should have known, through its agents, contractors, employees, or other assigns, that other building materials were available for use that would reduce or eliminate the risk of liquid accumulated on the floor of the woman's restroom when Defendant knew or should have known that the woman's restroom, by its nature, would be a place that would frequently become wet and slippery with water, urine, or other transitory foreign substances.

m. Negligently failing to act reasonably under the circumstances through acts or omissions including failing to inspect maintain or inspect the toilets or plumbing in the woman's restroom.

n.  Negligently failing to act reasonably under the circumstances through acts or omissions including negligently hiring an incompetent third-party to inspect, maintain, or service the toilers or plumbing in the woman's restroom.

o.  Negligently failing to act reasonably under the circumstances through acts or omissions to be revealed in discovery.

21. The risks and dangerous conditions created by Defendant, WALMART, were preventable and foreseeable by Defendant.

22. As a direct and proximate result of the negligence of Defendant, WALMART, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring , mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, the aggravation of one or more previously existing conditions, and the activation of one or more latent conditions. These losses are permanent or continuing in nature and Plaintiff will suffer these losses into the future.

WHEREFORE, Plaintiff demands judgment for all damages allowable under Florida law against Defendant, WAL-MART STORES EAST LP, in an amount in excess of the jurisdictional limits of this Honorable Court, together with Plaintiff's costs and for any and all further relief this Honorable Court deems just and proper.

## COUNT II:  CLAIM OF NEGLIGENCE AGAINST SCHWEDE

23. Plaintiff realleges and reasserts the allegations contained within paragraphs 1 – 17 as if fully set forth herein.

24. At said time and place, Defendant, SCHWEDE, owed Plaintiff duties to maintain the premises, including the woman's restroom, in reasonable safe condition, and to warn Plaintiff of dangerous conditions therein.

25. At said time and place, Defendant, SCHWEDE, breached these duties to Plaintiff by committing one or more of the following acts or omissions:

a.  Negligently failing to correct a hazard about which Defendant, either knew or should have known, which was water, urine, or some other liquid on the floor of the woman's restroom.

b.  Negligently failing to enforce its safety or maintenance policies and procedures as they relate to the woman's restroom when Defendant knows or should know that Defendant's fixtures in the woman's restroom, to include toilets that splash water on the ground when they flush, actually create puddles of water on the floor of the woman's restroom.

c.  Negligently failing to enforce its safety or maintenance policies and procedures as they relate to the woman's restroom thereby creating a dangerous and slippery environment for invitees, including Plaintiff.

d.  Negligently failing to properly equip, instruct, direct, train, or supervise its employees and agents, who did not have the equipment, skill, knowledge, or tools to effectively enforce Defendant's policies and procedures and/or provide a reasonable and safe environment for Defendant's patrons, including Plaintiff.

e.  Negligently failing to have adequate staff on duty assigned to the task of inspecting and maintaining the woman's restroom for dangerous conditions, to include water, urine, or other transitory substances on the floor, or defective toilets or other plumbing fixtures that could create transitory substances on the floor.

f.  Negligently failing to assign specific employees to the task of solely monitoring the woman's restroom for dangerous conditions including water, urine, or other

transitory foreign substances on the floor of the woman's restroom, despite having actual or constructive knowledge that the floor of the woman's restroom would frequently get wet with water, urine, or other transitory foreign substances.

g.  Negligently failing to follow its own corporate policies relating to safety including those regarding the maintenance of the woman's restroom or its plumbing including its toilets.

h.  Negligently failing to have adequate policies in place to identify dangerous conditions within the woman's bathroom or the plumbing therein that were within Defendant's control or were created by Defendant, despite prior knowledge of slip and falls at the Store caused by transitory foreign substances that were not timely identified by Defendant despite Defendant's prior actual or constructive knowledge.

i.  Negligently failing to enforce the Store's policy of "don't pass it up, pick it up" with respect to dangerous conditions accumulated on the walking surfaces of the Store, to include the woman's restroom.

j.  Negligently failing to adhere to industry standards applicable to maintaining Defendant's woman's restroom, creating an unreasonably dangerous condition to Plaintiff.

k.  Negligently failing to warn or adequately warn of the known and foreseeable risk of injury created by the defective or negligently maintained woman's restroom.

l. Negligently selecting and using flooring that failed to properly drain, disperse, or dissipate liquid substances when at the time of construction, Defendant knew or should have known, through its agents, contractors, employees, or other assigns, that other building materials were available for use that would reduce or eliminate the risk of liquid accumulated on the floor of the woman's restroom when Defendant knew or should have known that the woman's restroom, by its nature, would be a place that would frequently become wet and slippery with water, urine, or other transitory foreign substances.

m. Negligently failing to follow directives given to Defendant by WALMART to repair the plumbing in the woman's restroom, to include the toilets which Defendant knew or should have known created puddles of water, urine, or other transitory foreign substances on the floor of the woman's restroom.

n. Negligently failing to act reasonably under the circumstances through acts or omissions including failing to inspect maintain or inspect the toilets or plumbing in the woman's restroom.

o. Negligently failing to act reasonably under the circumstances through acts or omissions including negligently hiring an incompetent third-party to inspect, maintain, or service the toilers or plumbing in the woman's restroom.

p. Negligently failing to act reasonably under the circumstances through acts or omissions to be revealed in discovery.

26. The risks and dangerous conditions created by Defendant, SCHWEDE, were preventable and foreseeable by Defendant.

27. As a direct and proximate result of the negligence of Defendant, SCHWEDE, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring , mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, the aggravation of one or more previously existing conditions, and the activation of one or more latent conditions. These losses are permanent or continuing in nature and Plaintiff will suffer these losses into the future.

WHEREFORE, Plaintiff demands judgment for all damages allowable under Florida law against Defendant, MICHAEL SCHWEDE, in an amount in excess of the jurisdictional limits of this Honorable Court, together with Plaintiff's costs and for any and all further relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**RESPECTFULLY SUBMITTED** this 19th day of May 2022.

*/s/ Rico D. Lively*
Rico D. Lively, Esquire
Felice, Ehrlich & Naparstek
3 Harvard Circle
West Palm Beach, FL  33409
(561) 444-8822 - Telephone
(561) 514-4946 - Facsimile
Primary Email – Rico@injurytrialattorneys.com
Florida Bar #1000373
Attorneys for Plaintiff