UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ESTHER CORRALES**,
    Plaintiff,

v.                                                                            2:23-cv-228-JLB-NPM

**WAL-MART STORES EAST, LP**,
    Defendant.

___

## ORDER

    This slip-and-fall case began in state court. While it was there, defendant Wal-Mart Stores East, LP served plaintiff Esther Corrales an offer of judgment under Florida Statute § 768.79. But Corrales did not accept the offer within the statute's 30-day time limit. By removal, Walmart brought the case here, and we subsequently granted summary judgment in Walmart's favor. With Corrales taking nothing by this action, Walmart asks us to sanction Corrales under § 768.79 for not accepting the settlement offer. And as the first step in that process, it moves for a determination of entitlement. Corrales did not submit an opposition, so Walmart's request is deemed unopposed. *See* Local Rule 3.01(c).

    Florida's offer-of-judgment statute is substantive for *Erie* purposes and applies here. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1357 (S.D. Fla. 2010) (citing *McMahan v. Toto*, 311 F.3d 1077, 1079 (11th Cir. 2002)). The statute provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability ….

Fla. Stat. § 768.79(1). Such an offer must:

(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.

Fla. Stat. § 768.79(2). Walmart's offer (Doc. 63) complied with the statute, and the judgment was one of no liability. Walmart is entitled to sanction Corrales for not accepting the offer.[1] By **October 31**, **2025**, the parties must review *Ange's Auto Repair & Serv., Inc v. Century Sur. Co.*, No. 2:21-CV-655-SPC-NPM, 2024 WL 922640 (M.D. Fla. Feb. 13, 2024), *R&R adopted*, 2024 WL 916525 (M.D. Fla. Mar. 1, 2024), and diligently confer in person or via videoconference in a good faith effort to resolve this issue based on an examination of defense counsel's invoices, which may be redacted to preserve privilege. To the extent any dispute remains, Walmart must file its supplemental motion on amount by **November 10**, **2025**.

**ORDERED** on September 24, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Such a sanction may include fees generated by moving for entitlement, but not those generated by litigating the amount. *See Steffen v. Akerman, Senterfitt & Edison, P.A.*, No. 804-cv-1693-T-24MSS, 2009 WL 1117390, *1 (M.D. Fla. Apr. 24, 2009).